## W. F. TURNER & W. E. OTIS, V. O. M. WEBSTER.

1. CONTRACT; *Aggregatio Mentium.* Where the parties contract for the doing of certain work, and the work is done, and accepted, and it appears that there was a misunderstanding as to the price to be paid for it, the law rejects the understanding of each, and awards reasonable compensation.

2. ———— *Agency.* The same rule obtains where an agent is employed to contract for work, and in good faith and with reasonable care and diligence makes the contract, although such reasonable compensation exceeds the sum which the agent was authorized to promise.

*Error from Montgomery District Court.*

ACTION brought by *Webster* against *Turner* and another, partners, to recover for services rendered the defendants. Trial at the January Term, 1879, of the district court, and verdict and judgment for plaintiff. The defendants bring the case to this court. The facts are stated in the opinion.

*J. D. McCue,* for plaintiffs in error.

*Hill & Broadhead,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In an action commenced by plaintiffs in error, an attachment was issued, placed in the hands of the sheriff, and by him levied upon certain mill property. Pending the attachment proceedings, the sheriff, under direction of plaintiffs in error, employed defendant in error to watch the property; and this action was brought by defendant in error, plaintiff below, to recover for such services. That the sheriff was authorized by plaintiffs in error to employ defendant in error, and that the latter performed the services, are conceded facts. The dispute is as to the compensation. Webster claims that the contract price was three dollars per day, and that it was worth that amount; while Turner & Otis say that they authorized the sheriff to contract for only one dollar and a half a day, and the sheriff says that that was all he promised

to pay. The misunderstanding seems to have arisen in this way: After the attachment, Turner & Otis requested the sheriff to find some one to guard the mill. Meeting Webster, he asked him what he would undertake the job for. He replied, one dollar and a half a day, and nights the same. The sheriff understood him to say and mean, one dollar and a half for each day of twenty-four hours, while plaintiff meant that amount for a day of twelve hours, and the same for the night time, or three dollars for every twenty-four hours. The sheriff reported the offer to Turner & Otis as he understood it, and they, after some hesitation, told him to accept the offer and employ Webster. Without further words as to the price, the sheriff gave the key of the mill to Webster, and told him to go ahead. Now the contention of plaintiffs in error is, that the case turns on the law of agency; that they never personally employed Webster; that the sheriff was only a special agent with limited powers, only authorized to bind them by a contract to the amount of one dollar and fifty cents per day of twenty-four hours; that Webster is chargeable with notice of the extent of the sheriff's authority, and can enforce the contract as against the plaintiffs in error to the extent only of such authority. For any contract beyond that amount, the special agent binds himself alone, and not the principal. On the other hand, the defendant in error contends that where services are contracted for and rendered, and no price stipulated, the law awards reasonable compensation therefor, and that where there is a misunderstanding as to the price, the one party understanding it at one sum and the other at a different, there is no stipulation as to the price, and that it makes no difference whether the contract be made through an agent or with the principal directly. In the case at bar, he contends that it is immaterial that the conversation and misunderstanding were with the sheriff, the agent, and that the rule is just the same as though the talk and misunderstanding had been with Turner & Otis personally.

We think the case rests upon the propositions advanced

by the defendant in error.   It will not be questioned, that, where the minds of two contracting parties do not come together upon the matter of price or compensation, but do upon all other matters of the contract, and the contract is thereupon performed, the law awards a reasonable price or compensation.   Thus, where shingles were sold, and delivered, at $3.25, but there was a dispute as to whether the $3.25 was for a bunch or for a thousand, it was ruled, that unless both parties had understandingly assented to one of those views, there was no special contract as to price.  (*Greene v. Bateman*, 2 Woodb. & M. 239.)   It is said by Parsons, in his work on Contracts, vol. 1, p. 389, that "there is no contract unless the parties thereto assent; and they must assent to the same thing, in the same sense."   Here, Webster never assented to a contract to work for $1.50 a day.   He agreed to do a certain work, and did it; but his understanding was, that he was to receive $3 per day.   Turner & Otis employed him to do that work, and knew that he did it; but their understanding was, that they were to pay but $1.50 a day.   In other words, the minds of the parties met upon everything but the compensation.   As to that, there was no *aggregatio mentium*.   What, then, should result?  Should he receive nothing, because there was no mutual assent to the compensation?   That were manifest injustice.   Should his understanding bind both parties?   That were a wrong to them.   Should theirs control?   That were an equal wrong to him.   The law, discarding both, says a reasonable compensation must be paid.   So that if the negotiation had been between the parties directly, and this misunderstanding had arisen, the rule of reasonable compensation would unquestionably have obtained.   Now, how does the law of agency interfere?   The proposition of law advanced by counsel for plaintiff in error, that a special agent binds his principal to the extent only of the authority given, and himself by any promise in excess, is clear.   But the agent made no promise in excess of his authority.   He promised that which he was authorized to promise.   Because the other party misunder-

stood the extent of the promise, is surely no reason for holding the agent bound for more than he did in fact promise. The agent has rights as well as the principal. The work is not done for his benefit. He has discharged his agency in good faith, and to the best of his ability. Why should he be mulcted in any sum on account of the misunderstanding of the party with whom he contracted? If compensation were given on the basis of his promise, then, if his promise was in excess of his authority, he should be responsible for the excess; but where the promise is ignored, and compensation given on the basis of value alone, he should not be charged with the excess of such value above his authority. An agent is responsible for good faith. That is not questioned. He does not insure, either to his principal or the opposite party. Acting in good faith, and to the best of his ability, we can see no reason for making him responsible for any mere misunderstanding. Justice is done to all parties by ignoring any promise or understanding as to compensation, and giving to the laborer reasonable compensation for the work done, and requiring the party receiving the benefit of such work to pay a just and reasonable price therefor.

The case was submitted to the jury upon this basis, and while the instruction asked by plaintiffs in error, and refused, was unquestionably good law in the abstract, and while some criticism might fairly be placed upon one of the instructions given, and upon the answers of the jury to two special questions, we think the main question was fairly presented, and that no error appears justifying a reversal of the judgment, and it will be affirmed.

All the Justices concurring.