JAMES FARRELL

v.

JOHN DOOLEY.

1. CONTRACT—DIFFERENCE AS TO PRICE.—Where the parties honestly differed as to the contract price for services and the contract had been executed. *Held*, proper to permit the party performing the labor to prove what his services were reasonably worth.

2. NEWLY DISCOVERED EVIDENCE.—Where newly discovered evidence is not cumulative, and it does not appear what, if any, diligence has been used to discover it before the trial, it is not sufficient ground for a new trial.

Error to the Circuit Court of McLean county; the Hon. O. T. Reeves, Judge, presiding. Opinion filed October 5, 1885.

Messrs. Tipton, Karr & Pike, for plaintiff in error; that an implied contract can not arise where there is a subsisting express contract conveying the entire matter, cited Ford v. McVay, 55 Ill. 122; Walker v. Brown, 28 Ill. 378; Compton v. Payne, 69 Ill. 355 ; Phelps v. Hubbard, 59 Ill. 81.

Messrs. Welty & Sterling, for defendant in error; that if one party understood the contract to be one way and the other another way, there was no meeting of the minds of the parties, and therefore no express contract, cited Taylor et al. v. Webster, 24 Kansas, 38 ; Phillips v. Roberts, 90 Illinois, 492 ; 1 Parsons on Contracts, 389; Davidson v. Porter, 57 Ill. 300.

Wall, P. J. This was an action of assumpsit upon an account, mainly for services rendered by the plaintiff to the defendant. There was a verdict for plaintiff for $326, of which $18.75 was remitted, and the court, overruling a motion for a new trial, rendered judgment for the residue, $307.25. That the plaintiff rendered valuable service to the defendant is not questioned, but there is conflict as to the compensation to be made therefor; the one insisting that it was agreed upon at $20 per month, and the other that it was fixed at $150 per year. The court, in this state of the case, permitted the plaintiff to prove what his services were reasonably worth, and the propriety of this ruling is the legal question presented for consideration. In this ruling there was no error. Assuming that the parties honestly differed as to the contract price, then their minds did not meet upon this point, and in such cases, where the contract has been executed, the party receiving the benefit will be held for the reasonable value thereof. It would be manifestly unjust that plaintiff should receive nothing for his work, and equally so that his understanding of the terms should bind the defendant, and the law therefore

awards a reasonable compensation: Turner v. Webster, 24 Kansas 38; S. C., 36 Am. Rep. 251; Parsons on Contracts, 3d Ed., Vol. 1, 299; Phillips v. Roberts, 90 Ill. 492.

There was conflict in the evidence as to other items of account between the parties, but we see no occasion to disturb the finding of the jury. Newly discovered evidence was urged as ground for a new trial, but it was properly held not sufficient for that purpose because it was only cumulative, and because it did not appear what, if any, diligence had been used to discover it before the trial.

The judgment will be affirmed.