## NAUGHTON V. CITY OF SIOUX FALLS.

1. When, under the provision of a contract for grading a public street, the contractor is required to excavate and fill the entire length of a street, and, after this is done, curb lines are to be established by the city engineer, and the space between such curb lines is to be filled with black loam, and the contractor is to receive a certain price for each cubic yard of earth hauled, such contractor is entitled to pay for the earth hauled to fill in behind the curb lines, as well as the earth hauled in excavating and filling in the street.

2. When a contract provides for the doing of specific work and the furnishing of material, and makes no provision for the payment of the expense, the contractor or other person performing the work and furnishing the material is entiled to the value of the same.

(Syllabus by the Court. Opinion filed June 2, 1892.)

Appeal from Minnehaha county court, Hon. E. PARLIMAN, Judge.

Action for balance due upon a contract for grading a street. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Chas. L. Brockway,* for appellant.

A written contract cannot be modified by oral testimony. Dill. Mun. Corp. §§ 445, 450; Memphis v. Brown, 87 U. S. 289.

*Bailey & Stoddard,* for respondent.

Contemporaneous parol evidence is admissable to explain uncertain or ambiguous written contracts. Osborne v. Stringham, 1 S. D. 406.

BENNETT, J. This is an action brought by plaintiff to recover a balance of $781.63, claimed to be due him from the defendant upon a contract for grading a street. The cause was tried by the court, and judgment rendered in favor of plaintiff for the balance claimed, together with interest. From this judgment this appeal is taken. It is conceded that the work has been completed in accordance with the provisions of the contract. The only question in the case is the right of the plaintiff to recover this balance under the contract and the evidence produced upon the trial. As appears from the evidence, the claim of the plaintiff is made up of the following items, viz.: Loam for parking, 3,802 yards, at 19

cents per yard, $722.38; seed and labor, $59.25; total, $781.63. This claim is based upon the tenth specification of the contract, which is set out in full in the answer. This specification contains the following directions: "Loam. The contractor shall put good black dirt, free from stones, and acceptable to the engineer, at least four inches deep, and as shown in the cross sections on each side of the roadway, between the curb and sidewalk lines. Said loam shall be brought to a smooth surface, and be rolled with a lawn roller. The best lawn grass and white clover seed, mixed in the proportions to be determined by the engineer, shall then be sown over the whole area thus prepared, and will be raked in." Among the general conditions of the contract is the following in relation to payments: "The party of the second part hereby agrees to receive the following prices in full compensation for furnishing all materials not found in the work, * * * and for labor and use of tools, and other implements necessary for executing the work contemplated in the contract, * * * and for well and faithfully completing the work and the whole thereof, according to the plans and specifications, and the requirements of the engineer under them, to wit, 19 cents per cubic yard within a mean haul of 1,000 feet," etc. The contract provides that the contractor shall receive pay at the rate of 19 cents for each cubic yard of dirt hauled, without regard to when or for what purpose it was to be used, provided the work should be well and faithfully done in accordance with the plans and specifications satisfactory to the city engineer. This has been done. The estimate of the engineer shows that the respondent did haul 3,802 yards of loam for parking purposes, for which he has not been paid. Upon what theory or construction of the contract the refusal to pay is based it is hard to discover. The contract is neither uncertain nor ambiguous, and it is not hard to discover the intentions of the parties to it. The contract is for grading a public street in the city of Sioux Falls. The larger part of it relates to the manner in which the work shall be done, and the supervision and direction of it by the city engineer. It is admitted that this has been performed in an acceptable manner by the respondent. It provided that the entire street should be excavated

and filled to a certain and fixed grade. After this was done, the contractor was required to fill in between the curb and sidewalk lines four inches of black loam earth. The object of this is evident to every one conversant with the usual custom in most cities in reference to the grading of their streets. It was that the space between the sidewalk and curbstone might be capable of raising a green plat of grass, which could not be done if the street were left in the condition it would be after excavating and filling, with the ordinary dirt below the top soil. Under the provisions of the contract, it was first necessary to excavate and fill in the entire length of the street. After this was completed, the curb lines were to be established by the city engineer, and the curb of wood or stone was to be set on each side of the roadway. Between the curbing and the line of the sidewalk black loam was to be filled in. This, of course, first necessitated the hauling away of the grading dirt off of the street at such a distance as would make the street clean, and afterwards the hauling of the loam dirt back again to fill in the spaces between the curb and sidewalk lines. We think the contract itself is sufficiently clear on this point to warrant a court in so construing it, without any evidence explanatory of its intent, and entitles the respondent to his pay for it at the price paid for hauling other dirt. The specification also provides that the best lawn grass and white clover seed, mixed in the proportion to be determined by the engineer, shall be sown over the whole area thus prepared, and well raked in. The evidence shows that the plaintiff has expended the sum of $59.25 for this seed and for sowing it, for which he has not been paid. The contract makes no express provision for the payment of this expense. The remuneration clause of the contract simply provided for the payment for hauling the dirt. The main features of it relate to the grading, excavating, and filling of the street. This portion of the requirements of the contract was but an incidental one, and it would seem that the same rule would apply that does to all contracts when work and labor are done and material furnished without any fixed price agreed upon between the parties, viz., that persons performing the work and furnishing the material are entitled to the value of the same. There was expended $59.25

for grass seed and for sowing it under the provisions of the contract by the respondent, and we are of the opinion he should be paid for it. The judgment of the court below is affirmed.