No. 1,454.

## MARION SCHOOL TOWNSHIP *v.* CARPENTER.

APPELLATE COURT PRACTICE.—*Objection to Evidence not Made a Ground for New Trial.*—Objection to the admission of evidence, when not made a ground for a new trial, will not be considered on appeal.

CONTRACT.—*School-teacher.—Breach of Contract by Trustee.—Number of Days in School Year Shown by Parol.*—If a teacher's written contract with a township trustee, for the teaching of a certain school for the school year, leave the number of days constituting the school year blank because of the inability to determine that fact at the time the contract was made, which was to be fixed when the amount of tuition was ascertained,—when the number of days constituting the school year were ascertained, the time for which the teacher was employed was fixed, and such fact may be shown by parol.

SAME.—*Parol Evidence to Explain and Make Certain.*—Parol evidence is competent to explain and make definite that which is uncertain and indefinite in a contract.

SAME.—*When School-teacher May Recover for Breach of.*—In such case, if the teacher, without legal cause, is excluded, by the trustee, from teaching such school before the school year has ended, she may recover on the contract.

From the Monroe Circuit Court.

*H. C. Duncan* and *I. C. Batman*, for appellant.

*J. B. Wilson*, for appellee.

Ross, C. J.—The appellee sued and recovered judgment in the court below against appellant in the sum of sixty-six dollars and fifty cents, upon a written contract.

The complaint, to which a demurrer was filed and overruled, and which ruling is assigned as error in this court, is, substantially, as follows:

That on the 2d day of October, 1893, the plaintiff, a regularly licensed teacher, licensed to teach in the public schools of Monroe county, Indiana, was employed by J. A. Riddle, trustee of Marion township, in said county, to teach in one of the schools of that township during the school year beginning October 2, 1893, and ending in March, 1894, for which she was to be paid at the rate

of one dollar and twenty-five cents per day; that said contract of employment was in writing, a copy of which is filed with the complaint.

She also alleges that the contract had in it certain blanks, which were to be filled by inserting therein the number of days constituting the school term for which plaintiff was employed and which, at the time of her employment, could not be stated because the trustee had no knowledge of the amount of tuition fund he would draw in said year, and could not without such knowledge de-- termine the actual number of school days which would constitute such school term, but that these blanks were to be filled by inserting the number of days as soon as said number of days could be determined, and that by the mutual mistake of plaintiff and the trustee these blanks were never filled; that she taught the school under this contract for fifty-eight days commencing October 2, 1893, when she dismissed the school for the holidays, intending to call it again on the 2d day of January, 1894, but that during said vacation the trustee employed another teacher to take plaintiff's place, and that the teacher so employed by order of the trustee, took possession of the school and thereby superseded her as teacher thereof; that said plaintiff demanded that she be per- mitted to teach said school and fulfill her part of said contract, and that she was present, ready, anxious and able to do so, but said trustee refused to permit her to teach longer.

The other necessary allegations specifying the number of days composing that school year, that she had de- manded pay for that part of the school term for which she had not been paid; that payment was refused, and there is due and owing her the sum of one hundred dol- lars, were also made. A reformation of the contract is asked in the complaint, in that it be reformed by the in-

sertion of the number of days which composed the school term mentioned in said contract.

The complaint, although not as clear in its averments as it might have been, states facts sufficient to constitute a cause of action.

The cause was tried by the court without the intervention of a jury and at the request of the defendant, a special finding of the facts made, with conclusions of law thereon.

After the court had made its finding of facts, the defendant filed a motion for a new trial, which was overruled by the court and this ruling is assigned as error.

One of the causes for which a new trial was asked was that the court erred in permitting plaintiff to prove by parol the contents of the written contract sued on. The record fails to show any testimony admitted, to which an objection was made, to prove the contents of the contract sued on. A copy of the contract sued on was introduced in evidence over the objections of the defendant. Conceding without deciding that this was error, it was necessary in order to present the ruling for review in this court that it be assigned as a reason for which a new trial was asked, but inasmuch as this ruling is not one of the reasons for which a new trial was asked, there is nothing before us with reference thereto to review.

Extraneous evidence is not admissible to contradict or change the terms or conditions of a written contract, but when the contract is uncertain or indefinite such evidence is admissible for the purpose of explaining and making definite that which is uncertain and indefinite.

The uncertainty in the contract sued on and which is material in this case was the number of days for which the plaintiff was employed, which was to be fixed when the trustee ascertained the amount of tuition fund

which he was to receive for that school year. The number of days for the school term for which appellee was employed was shown to be 105 days. When the number of days constituting the school term, were ascertained the time for which plaintiff was employed was fixed.

We find no error for which the judgment can be reversed.

The evidence is sufficient to sustain the findings and no error was committed in the assessment of the amount of recovery.

Judgment affirmed.

