Hillsborough, ⎰
  Dec. 3, 1901. ⎱

## RUSSELL *v.* CLOUGH & a.

Where a contract fails because of a mutual misunderstanding as to its provision for payments upon account, the party who has rendered services in partial performance may recover reasonable compensation therefor in an action of implied assumpsit.

ASSUMPSIT, for labor. Plea, the general issue, with a brief statement claiming damages by way of recoupment for breach of contract on the part of the plaintiff. Facts found, and case transferred from the May term, 1901, of the superior court, by *Pike*, J.

In October, 1899, the parties entered into an agreement whereby the plaintiff was to cut, saw, and stick all the lumber on the defendants' "Brown lot" in Greenfield. The plaintiff understood that he was to receive $3.65 per thousand for the work, the amount of lumber cut to be determined by the measure of the purchaser; and that $3.25 per thousand according to his sawmill measure should be paid him on account at the end of each fortnight's work. The defendants understood as the plaintiff did, except that the payments on account were to be made only upon completion of each hundred thousand feet. The provision for payments on account constituted a material consideration for the

plaintiff's agreement. It was necessary that he should receive payments every two weeks in order that he might pay his help; and if they were not made as often as this, they were not made within a reasonable time. It was also a material consideration of the defendants' agreement that the plaintiff should cut, saw, and stick all of the lumber upon the lot.

The plaintiff worked upon the lot from November 18, 1899, to January 15, 1900. January 1, he demanded a payment of $243, claiming that he had then sawed 175,000 feet, on account of which he had received $325. January 4, he was paid $200. If the parties had agreed as the plaintiffs claimed, there was due him at this time about $243.75; but if they had agreed as the defendants claimed, there was nothing then due him. The court found that the minds of the parties did not meet as to when the payments on account should be made, and, subject to the defendants' exception, allowed the plaintiff to recover for labor and services, as follows:

For cutting, sawing, etc., 210,497 feet, at $3.65 per
thousand   .   .   .   .   .   .   .   .   $768.31
Less amount received on account   .   .   .   .   525.00

                                                  $243.31
Interest from date of the writ   .   .   .   .   .   32.80

    Total .   .   .   .   .   .   .   .   .   $276.11

*James F. Brennan*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendant.

REMICK, J. The court having found as a fact that the minds of the parties did not meet respecting a material and necessary element of the supposed contract, there was no contract. " There can be no contract without mutual assent. This is vital to its existence. There can be none where it is wanting. Where there is a misunderstanding as to anything material, the requisite mutuality of assent as to such thing is wanting; consequently the supposed contract does not exist, and neither party is bound. In the view of the law in such case, there has been only a negotiation resulting in a failure to agree. What has occurred is as if it were not, and the rights of the parties are to be determined accordingly." *Utley* v. *Donaldson*, 94 U. S. 29; *National Bank* v. *Hall*, 101 U. S. 43; *Delano* v. *Goodwin*, 48 N. H. 203, 206; *Cook* v. *Bennett*, 51 N. H. 85, 93; *Clark* v. *Sanborn*, 68 N. H. 411; *Concord Coal Co.* v. *Fer-*

*rin, ante*, p. 33; *Hartford etc. R. R.* v. *Jackson*, 24 Conn. 514; 1 Par. Cont. (4th ed.) 399b; 7 Am. & Eng. Enc. Law (2d ed.) 113.

But it does not follow that the plaintiff was without remedy for services performed under the supposed contract. He was entitled to recover of the defendants what his labor and services were reasonably worth, deducting what he had received. This was the view entertained in *Collins* v. *Stove Co.*, 63 Conn. 356, where the court said : " If there was an honest mistake by the parties as to what the contract really was, the plaintiff understanding it as claimed by him, and the defendant understanding it as claimed by its counsel, there was then no meeting of the minds of the parties, and hence no contract; and in such case the plaintiff would be entitled to recover of the defendant, for the work done by him and such materials as he furnished in the work at its request, such a sum as they would be reasonably worth."

In *Van Deusen* v. *Blum*, 13 Pick. 229, — 29 Am. Dec. 582, the result was announced as follows : " The plaintiffs undertook to execute a contract between themselves and the company. But there being no such contract in existence, they are left to resort to their equitable claim for their labor and materials. So far as these benefited the company, the plaintiffs are entitled to recover against them." See, also, *Norris* v. *School District*, 12 Me. 293,— 28 Am. Dec. 182 ; *Turner* v. *Webster*, 24 Kan. 38,— 36 Am. Rep. 251.

The principle is well stated by *Brewer*, J., in the case last cited : " Webster never assented to a contract to work for $1.50 a day. He agreed to do a certain work, and did it, but his understanding was that he was to receive $3 per day. Turner & Otis employed him to do that work, and knew that he did it; but their understanding was that they were to pay but $1.50 a day. . . . What, then, should result ? Should he receive nothing because there was no mutual assent to the compensation? That were manifest injustice. Should his understanding bind both parties? That were a wrong to them. Should theirs control? That were an equal wrong to him. The law, discarding both, says a reasonable compensation must be paid."

The same principle underlies the decisions in this jurisdiction. *Britton* v. *Turner*, 6 N. H. 481; *Clark* v. *Manchester*, 51 N. H. 594; *Carroll* v. *Giddings*, 58 N. H. 333. The principle seems as sound in reason as it is well supported by authority. The action of the superior court, to which the defendants excepted, was in accordance with this principle.

*Exception overruled.*

All concurred.