ALICE M. HALL, Appellee, v. FRANK LUCKMAN, Appellant.

**Action for services:** BURDEN OF PROOF. Where the defendant in
1  an action for personal services admits the request for the service and its performance, he has the burden of proof under a plea that it was gratuitous.

**Same:** QUANTUM MERUIT. Where the minds of the parties never
2  met on the question of plaintiff's compensation for personal services the defendant is liable, upon performance of the service, for the reasonable value thereof.

**Instructions:** ERROR CURED. Any error in instructing the jury, that
3  defendant had the burden of showing that he was not to pay the expenses of plaintiff while performing services for him, was cured by plaintiff's offer to remit from her judgment the amount of the item of expense claimed.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, MARCH 6, 1906.

The opinion states the facts.— *Affirmed.*

*A. E. Maine* and *Dawley, Hubbard & Wheeler,* for appellant.

*Dutcher & Davis, Chas. A. Clark & Son, Wm. G. Clark,* for appellee.

WEAVER, C. J.— In an action pending in the Circuit Court of the United States for the Northern District of

Iowa, each party was authorized to select a stenographer to take depositions to be used in said cause. The defendant herein was a party to said litigation, and through his attorney employed the plaintiff, Miss Hall, to serve in that capacity. Plaintiff performed the required service, taking a large amount of testimony, much of which work was done at points outside of the State. For this service defendant has paid the plaintiff the sum of $399.50, which is the equivalent of ten cents per folio for the depositions taken in stenographic notes and transcribed in longhand. Plaintiff also furished the defendant, at his request, a copy of the testimony so taken, or of some of it, and to recover payment of this latter service she brought this action at law. There was a judgment in her favor and the defendant appeals.

At a prior term of this court an opinion was handed down sustaining the appeal and ordering a new trial; but, a petition for rehearing having been granted, the opinion has been withdrawn and the case resubmitted upon further argument. It is the claim of the plaintiff, and there was evidence tending to show, that she was employed with understanding that the legal fee or compensation for taking depositions in the federal court was twenty cents per folio; and that, after this understanding had been reached, the defendant's counsel suggested his desire for a copy of a part of the testimony, saying that the job was a large one, and that no additional charge ought to be made for the copy. To this suggestion plaintiff says she assented on the basis of the agreement that she was to receive twenty cents per folio for the depositions. It is the defendant's contention that plaintiff agreed to take the depositions at ten cents per folio, or the legal fee if more, and to furnish the desired copy without extra charge. As it turned out the legal fee for taking depositions as fixed by the federal court was found to be ten cents per folio.

The pleadings appear to be broad enough to permit the plaintiff to recover upon a *quantum meruit* if the evidence

should justify it, and the trial below seems to have proceeded on that theory. There is a sharp conflict in the testimony as to the conversation between the parties concerning the terms of the employment, and, while the preponderance in the number of witnesses is with the defendant, a finding in favor of the plaintiff's contention is not without substantial support.

It is an elementary general proposition that for labor done by one person at the request of another the law implies a promise by the latter to pay the reasonable value for the service performed. As the request for the service and its performance were admitted by the defendant, the burden was on him to show that plaintiff undertook to furnish the copy gratuitously, or that she agreed to furnish both original and copy at the single rate of ten cents, or the legal fee, per folio. This, in the judgment of the jury, he did not succeed in showing, and, as we have already said, the verdict finds support in the evidence. Plaintiff swears that she undertook to supply the copy without extra charge only upon the understanding and theory that she was to receive twenty cents per folio for the depositions. The testimony on the part of defendant is that she agreed to supply it without extra charge in consideration of the receipt of ten cents per folio, or the legal fee if more than ten cents. If we are to treat this conflict of evidence as turning upon the veracity or credibility of the witnesses, the verdict of the jury is equivalent to a finding that the plaintiff's version of the agreement is correct; that is, that her agreement to furnish the copy without charge was made on the understanding that she was to receive payment for the depositions at twenty cents per folio. If such were the agreement, it seems too clear for argument that, when the legal fee for the depositions was determined to be but ten cents per folio, the consideration of the plaintiff's promise to furnish the copy without charge therefor failed,

1. ACTION FOR SERVICES: burden of proof.

and she became entitled to recover the reasonable value of the service.

The same result is reached if we say the witnesses on either side are equally credible, and that the irreconcilability of their testimony results from the fact that neither party understood the supposed agreement in the terms in which it was understood by the other. In such case the minds of the parties never met upon the matter of compensation for furnishing the copy, and the defendant would be held to pay the reasonable value. *Beers v. Kuehn*, 84 Wis. 33 (54 N. W. 109).

2. SAME: quantum meruit.

It has frequently been held that, even where an express contract or an express request for the performance of service is established, but the evidence fails to show an agreement as to the price or wage to be paid, a recovery may be had for the reasonable value. *Allison v. Parkinson*, 108 Iowa, 154; *Farrell v. Dooley*, 17 Ill. App. 66; *Naughton v. Sioux Falls*, 3 S. D. 90 (52 N. W. 324). In *Lanins v. Woods*, 4 Ky. Law. Rep. 365, the rule is approved that, where work has been done under a mutual mistake between employer and employé, each supposing there was a contract between them fixing the price, when in fact, by reason of a failure of their minds to meet upon the same proposition, there was no contract, the employé is entitled to recover the reasonable value of his services. See, also, *Prince v. McRae*, 84 N. C. 674; *Packard v. Reynolds*, 100 Mass. 153; *Rowland v. R. R.*, 61 Conn. 103 (23 Atl. 755, 29 Am. St. Rep. 175).

The application of this rule to the issue presented by this appeal requires an affirmance of the judgment below, unless reversible error is found in some of the rulings or instructions of which complaint is made in the argument of counsel for appellant. Some of the points now urged have been raised for the first time since a rehearing was ordered, and under our rule cannot be entertained. As to others, we find no error to the appellant's prejudice except a manifest slip made by

3. INSTRUCTIONS: error cured.

the trial court in the seventh paragraph of its charge. United with her claim to recover for copies of depositions, plaintiff pleaded a further claim for an alleged balance of $3.97 due to her for expenses incurred. In the paragraph of its charge above referred to the court instructed the jury that the burden was upon the defendant to prove that he was not to pay the expenses of the plaintiff while engaged in the agreed service. It is reasonably clear, however, from the record of the case, that the jury did not allow this item of the appellee's claim; but to avoid all question on that point she consents that an equal amount may be deducted from the verdict returned in her favor. This deduction will therefore be ordered accordingly.

The important question raised by the appeal is one of fact, and having determined that the testimony presented a case for the jury, there is little more to be said. We think the verdict should stand subject to the slight modification above mentioned.

The judgment appealed from, as thus modified, is therefore *affirmed*.