# HUDSON STRUCTURAL STEEL COMPANY

## *vs.*

# SMITH & RUMERY CO., AND MASONIC TRUSTEES OF PORTLAND, Trustees.

## Cumberland.   Opinion December 20, 1912.

*Building.   Contract.   Contractor.   Cancellation of Contract.   Fraud. Mistake.   Money had and received.   Unilateral mistake.   Reforming contract.   Referee.   Specification.   Stipulation.   Quantum Meruit.*

1. This case comes up on the following stipulation: "It is hereby stipulated and agreed that the above entitled cause shall be reported to the Law Court for final decision upon the facts as reported by the Referee."

2. There is no controversy that the contract provided for the materials and work for the structural steel for the roof framing for the School for Feeble Minded, and that the buildings were to consist of two dormitories.

3. The Referee finds that when the contract was signed the plaintiff understood it to call for one building only; that the defendant understood it to call for two buildings; that until some time in November, several months after the contract was made, the plaintiff did not understand that the specifications called for two buildings or that defendant was expecting more than one roof.

4. That the plaintiff was not negligent in not discovering that the plans and stipulations covered two buildings before it executed the contract, and defendant did not know that plaintiff understood that only one building was embraced in the contract.

5. In view of the smallness of the amount which plaintiff proposed to furnish the steel roof framing, it being many hundred dollars less than it would actually cost to furnish roof framing for two buildings, the defendant, an experienced contractor and bidder on contracts embracing iron and steel structural work, ought to have been put upon inquiry as to whether the plaintiff was not acting under a mistake as to the number of the buildings.

6. But notice sufficient to put one upon inquiry imposes upon him such a degree of diligence as will enable him to ascertain the truth, and in failing to so do he will be charged with the knowledge he ought to have obtained by investigation.

7. Being put upon inquiry it was the duty of the defendant to have informed the plaintiff of its apprehension, if not knowledge, as to the plaintiff's misunderstanding.

On report. Judgment for the plaintiff for $1789.29 and interest from December 28, 1909, and costs of reference $25.86 and costs of court to the taxed by the court.

This is an action of assumpsit brought by the Hudson Structural Steel Company against the defendant to recover the value of certain structural steel roof framing furnished by the plaintiff as subcontractor to the defendant, the general contractor, for the school for the Feeble Minded at West Pownal. The case was referred to Mr. Justice Savage and is reported to the Law Court for final determination upon the facts as reported by the Referee and upon the record. Plea, the general issue, with brief statement claiming in substance that the plaintiff, without lawful excuse, failed to complete its contract by finishing only one roof instead of two; that in any event the defendant is entitled to recoup damages to the amount of the cost to defendant of the second roof, and also to recoup for delay in delivering materials and for defective workmanship.

The case is stated in the opinion.

*Robert T. Whitehouse, and Whipple, Sears & Ogden,* for plaintiff.

*Payson & Virgin,* for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

SPEAR, J. This case comes up on the following stipulation: "It is hereby stipulated and agreed that the above-entitled cause shall be reported to the Law Court for final decision upon the facts as reported by the Referee; that the record of the case on report shall include the pleadings, the rule of reference, the report of the Referee and this stipulation, that the evidence need not be printed but that the official stenographer's typewritten transcript of the same may be used before the Law Court by either party in the manner and to the extent stated in the Refereee's report." In view of the findings of fact by the Referee, but one of the questions of law need

be considered, and this will be referred to in its application to the contention of the parties when reached. There is no controversy that the contract provided for the materials and work for the structural steel for the roof framing for the School for Feeble Minded, and that the buildings were to consist of two dormitories. The specifications bore upon the outside of the cover the words "Specifications for Two Brick Dormitory Buildings for the Maine Home for Feeble Minded." As the specifications were made a part of the contract, as before suggested, the contract provided for a roof for each dormitory, while the Referee found "There was nothing in the iron and steel items to indicate that the specifications were intended to cover more than one building." The contract was made on the 16th day of August, 1909.

The Referee finds that when the contract was signed the plaintiff understood it to call for one building only; that the defendant understood it to call for two buildings; that until some time in November, several months after the contract was made, the plaintiff did not understand that the specifications called for two buildings or that defendant was expecting more than one roof; "that the plaintiff was not negligent in not discovering that the plans and specifications covered two buildings before it executed the contract;" and defendant did not know that plaintiff understood that only one building was embraced in the contract. The Referee also says: "I find, subject to the opinion of the court, in view of the fact that the defendant had knowledge before executing the contract that at least one other contractor had misinterpreted the plans and specifications as to the number of buildings, and in view of the smallness of the amount which plaintiff proposed to furnish the steel roof framing; it being many hundred dollars less than it would actually cost to furnish roof framing for two buildings that the defendant, an experienced contractor and bidder on contracts embracing iron and steel structural work, ought to have been put upon inquiry as to whether the plaintiff was not acting under a mistake as to the number of the buildings." It is the opinion of the court that this finding should be sustained.

But notice sufficient to put one upon inquiry imposes upon him such a degree of diligence as will enable him to ascertain the truth,

and in failing to so do he will be charged with the knowledge he ought to have obtained by reasonable investigation. *Wood* v. *Carpenter,* 11 Otto., 135 U. S., in which it is said: "The means of knowledge are the same thing in effect as knowledge itself." *Vredenburgh* v. *Burnet,* 31 N. J. E., 229; *Gale* v. *Morris,* 30 N..J. E., 285. "Notice sufficient to put a person on inquiry need not contain complete information on every fact material to his knowledge." *Barnes* v. *McLellen,* 3 P. N. W., (Pa.) 6723 Am. D., 62; *Van Noren* v. *Robinson,* 16 N. J. E., 256; *German etc.* v. *Western, etc. Co.,* 137 Cal., 598; *Furman* v. *Upry,* 106 N. Y., 579.

Being put upon inquiry it was the duty of the defendant to have informed the plaintiff of its apprehension, if not knowledge, as to the plaintiff's misunderstanding. The rule touching this duty is forcibly stated in the Harvard Law Review for June, 1910, page 622. See also Cyc. 34, 921 and 922. *Webb* v. *Morrison,* 137 N. Y., 712; *Essex* v. *Day,* 52 Conn., 483; *Willis* v. *Yates,* 44 N. Y., 525; *James* v. *Butler,* 54 Wis., 172; *Venable* v. *Benton,* 129 G. A., 537; *Motheway* v. *Wall,* 168 Mass., 333.

While under the circumstances not chargeable with positive fraud or actual misrepresentation, in failing to do so, it nevertheless put the plaintiff to the disadvantage of being deceived and mislead by the silence or passive conduct of the defendant. Under the finding of the Referee that "the plaintiff understood it to call for one building only," thereby laboring under the mistake with regard to a material matter, while the defendant, put upon inquiry, understood the contract to call for two buildings, it is the opinion of the court, the contract being subject to cancellation, that the plaintiff should be permitted to recover upon quantum meruit.

But upon this issue the defendant contends that a unilateral mistake cannot avoid a contract. But in view of the facts found by the Referee, this contention cannot be sustained. While this view may be correct as to the reforming of a contract, it is not of universal application as to the cancellation of one. *Andrews* v. *Andrews,* 81 Maine, 337, a bill in equity to reform a deed, holds that with no allegation of fraudulent or other inequitable conduct, the plaintiff must prove a mutual mistake. The converse is that if inequitable conduct was proved that might be sufficient. It further holds: "If

the parties differently understood the original agreement as to the identity of the premises, the relief would take on the form of cancellation rather than reformation." *Young* v. *McGown*, 62 Maine, 56, notes the distinction with respect to the application of the law to the reformation and cancellation of contracts. The court say: "It must be a mistake on both sides, for if it be by one party only, the altered instrument is still not the real agreement of both. A mistake on one side may be a ground for rescinding a contract, or for refusing its specific performance; but it cannot be a ground for altering its terms." This case is cited with approval in *Andrews* v. *Andrews*. In *Bibber* v. *Carville*, 101 Maine, 59, a bill was brought for the cancellation of a deed. In discussing this case the court say: "In this case the court is asked to cancel a deed which expressed just what the plaintiff intended it should. The mistake was unilateral on the part of the grantor alone, induced by no fraud, falsehood, misrepresentation or concealment of the grantee, relating to the grantors own title, the true state of which ordinary care and diligence on his part should have revealed to him. It does not appear that the grantor will obtain an unconscionable advantage by the deed." Conversely, if the court had found "concealment" of facts or an unconscionable advantage, by the party who ought to have communicated them, it might be sufficient to warrant the cancellation of the deed. In *Boyden* v. *Hill*, 198 Mass., 447, the court say: "Having made a contract explicit in its terms, as to which he has been in no wise deceived or mislead by the active or passive representations or conduct of the plaintiff, he must abide by its terms." In other words, if the party was deceived or misled by the active or passive representation or conduct of the plaintiff he might be relieved. 24, Ency. of Law, page 618 upon this subject says: "Where a contract in writing is executed under a mistake by only one of the parties as to a fact which is of the essence of the contract, the mistake constitutes the ground for the court of equity to rescind and cancel the apparent contract as written, and place the parties in statu quo, but does not constitute a ground for reformation." Also: "That the court may treat the case as though no writing ever existed and restore the parties to their original positions." In 9 Cyc. 396 is found this principle: "One is not per-

mitted to accept a promise which he knows that the other party understands in a different sense from that in which he understands it. In such a case there is no agreement although equity sometimes rectifies the contract so as to make it express the real intention." Under this quotation is cited *Lapish* v. *Wells,* 6 Maine, 175, which contains an elaborate opinion upon this subject.

In referring to this matter generally the court quoted with approval the following language: "The fraud, said the counsel, consists in such cases, in dealing with the party in ignorance and leaving him so. It is not necessary that the other party should have created the false impression or intended it; it is sufficient that he knows it, and takes advantage of it." Also: "The laws of morality can never give sanction to such a proceeding; and it surely cannot be the duty of a court of justice to be more indulgent in its judgment." If this apparent contract then could be "cancelled," or treated "as though no writing ever existed" or as "no agreement," because the plaintiff, upon a material matter, understood it one way, and the defendant understood it another, and was charged with knowledge of the plaintiff's mistake, then the minds of the parties did not meet and no contract between them was ever consummated. It therefore follows that the plaintiff can recover upon quantum meruit. *Cobb* v. *Stevens,* 14 Maine, 472; *Long* v. *Athol,* 196 Mass., 508; *Secton* v. *City of Chicago,* 102 Ill., 323; *Vickery* v. *Richee,* 202 Mass., 247; *Turner* v. *Webster,* 24 Kan., 38. The Referee has found that the plaintiff upon a quantum meruit is entitled to recover judgment for $1789.29 and interest from December 28, 1909 and cost of reference tax at $25.86 and costs of court to be taxed by the court.

In accordance with the stipulation the entry must be,

> *Judgment for the plaintiff for $1789.29*
> *and interest from December 28, 1909,*
> *and costs of reference $25.86, and*
> *costs of court to be taxed by the court.*