of which" the teacher's salary was to be paid. No facts are given in the opinion.

For the reasons stated, the judgment of the trial court in favor of appellee is reversed, and judgment here rendered in favor of appellants.

## MASSACHUSETTS BONDING & INS. CO. v. DALLAS JOINT STOCK LAND BANK. (No. 786.)

Court of Civil Appeals of Texas. Waco. March 14, 1929.

Rehearing Granted in Part. April 11, 1929.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Renfro, Ledbetter & McCombs, of Dallas, for appellee.

GALLAGHER, C. J. This suit was instituted by appellant, Massachusetts Bonding & Insurance Company, in the justice court to recover of appellee, Dallas Joint Stock Land Bank, the sum of $150 alleged to be due appellant as annual renewal premiums for becoming surety for appellee on a certain injunction bond in the district court of Dallas county. An appeal was prosecuted from the judgment rendered in the justice court to the county court at law No. 1 of said county. The following is a brief summary of the facts proved:

Appellant was a foreign corporation, writing insurance in this state under a permit issued to it by the commissioner of insurance. On or about April 1, 1924, appellee, by its duly authorized officer and agent, executed and delivered to appellant a written application for an injunction bond, which application was accepted by appellant. In pursuance of said application, appellant as surety for appellee signed an injunction bond in the sum of $5,000. Thereafter, on the trial of the cause in which said injunction was issued, judgment was rendered on said bond against appellee as principal and appellant as surety. The amount of such judgment is not shown. Appellee prosecuted an appeal from said judgment and gave a supersedeas bond to stay the execution thereof until the final determination of such appeal. Appellant became surety on said supersedeas bond. Whether an additional premium was paid appellant for the signing of said supersedeas bond is not shown. Said cause is still pending in the Supreme Court on writ of error from that court to the Court of Civil Appeals to review the judgment rendered by the latter court on such appeal. The application upon which said injunction bond was signed by appellant contained a provision that, in consideration of the execution of said bond by appellant, appellee "agrees to pay the premium or fee therefor, viz: Fifty and no/100 dollars ($50.-00) in advance, for the first year, and ———— dollars ($————) in advance for each year the bond shall be in force thereafter and until the undersigned shall furnish said company with satisfactory and conclusive evidence that there is no further liability on said bond."

There was no attempt to prove any prior parol agreement between the parties. Appellant pleaded and proved that the rate of renewal premiums to be charged on such bonds was prescribed by the commissioner of insurance; that such prescribed rate was $10 for each thousand dollars penalty in such bonds; that it was usual and customary in such business to charge and collect renewal premiums; that the sum of $10 per thousand on the penalty of such bonds was the usual and customary renewal so charged and collected; and that at such rate the annual renewal premium due on said bond was $50. Appellant further proved that no renewal premiums had been paid on said bond for the years beginning, April 1, 1925, 1926, and 1927, respectively, being the years for which renewal premiums are claimed in this suit. The court rendered judgment that plaintiff take nothing by its suit. Hence this appeal.

### Opinion.

Appellant by appropriate propositions presents as ground for reversal the action of the court in rendering judgment against it under the facts above recited. Appellant contends in this connection that appellee in its application for said bond agreed to pay annual renewal premiums so long as the same should remain in force, and that the fact that the amount of such annual renewal premiums was not stipulated does not render such agreement inoperative, but leaves such amount to be fixed by the schedules prescribed by the

commissioner of insurance in such cases and according to the usual and customary charges for such service during the respective years involved in this controversy. Appellee, on the other hand, contends that the fact that the amount of the annual renewal premiums promised was left blank renders such agreement uncertain and void as to such renewal premiums. Whether appellee's contention is correct must be determined from the terms of the application as a whole and the circumstances attending its execution. If under such circumstances the intention of the parties can be ascertained and enforced, the agreement should not be held inoperative. 13 C. J. pp. 2268, 2269, part section 59 and section 60; Id. p. 521, part section 481; 4 Page on Contracts, p. 3569 et seq., § 2060. Appellant was by the application asked to become surety for appellee on an injunction bond. The obligation to be assumed would necessarily continue until the cause in which such bond was to be given was finally disposed of. Such cases, as a matter of common knowledge, are frequently settled and disposed of in a comparatively short time, but sometimes continue pending in the courts for years. The parties could not reasonably forsee how long the particular bond applied for would be continued in force. The agreed facts show that such bond was still in force at the time of the trial, April 2, 1928, four years after its date. The annual renewal premium to be charged for signing such bond was prescribed by the commissioner of insurance. A different premium might be prescribed from time to time or from year to year. The usual and customary charge for such continued liability might vary from time to time. The application was accepted and the bond signed by appellant as requested therein. The liability of appellant has continued during all said years. The agreement has been executed on the part of appellant. There is no contention that there was any parol agreement by which appellee was to be absolved from the payment of renewal premiums. The parties stand on a proper interpretation of the terms of said contract under the rules above announced.

This case is in many respects similar to the case of Rhyne v. Rhyne, decided by the Supreme Court of North Carolina and reported in 151 N. C. 400, 66 S. E. 348. In that case, a father, desiring to secure continued support for an imbecile son, conveyed a small tract of land to another one of his sons. In consideration of such conveyance, the grantee therein executed a separate bond, in terms payable to the incompetent, in which he engaged at his own cost and charge to "maintain and keep the said incompetent for and during his natural life supplied with good and sufficient meat, drink, apparel, washing and lodging" at his own home, if the incompetent should be minded to live with him. Said bond further provided that, if the incompe-

tent be minded to live with any other person, the obligor therein would pay to him yearly "for and on account of his maintenance at such other place, the sum of ——— dollars per year." The incompetent never lived with the obligor in said bond, and such obligor never furnished anything toward his support. After many years suit was brought in the name of the incompetent as payee in said bond against the maker thereof to recover such sum as was reasonably necessary for his support during each year from and after the date of such bond. The obligor in said bond, being defendant in said suit, resisted recovery on the ground that the amount to be paid annually by him for the support of the incompetent was not specified in such bond but left blank. He contended that under the terms of such bond he was not legally liable thereon for the support of the incompetent except while living with him. The court sustained a recovery on the ground that the failure to fill the blank indicated a purpose to measure the cost, not with exactness, but by the reasonable needs of the plaintiff from year to year under the changing conditions of his life. See, also, Marion School Tp. v. Carpenter, 12 Ind. App. 191, 39 N. E. 878, 879; Wilson v. Samuels, 100 Cal. 514, 35 P. 148, 559, et seq. The decision in Rhyne v. Rhyne supra, is in harmony with the general rule that, where a particular service is rendered under an express contract, which through misunderstanding of the parties or otherwise, does not fix the compensation to be paid therefor, the reasonable value of such service can be recovered. The rule in such cases laid down in 13 C. J. p. 585, part section 587, is as follows: "Where there is an express agreement that compensation is to be made, but the price is not fixed, the party is entitled to a reasonable sum."

We quote on the same subject from 2 Elliott on Contracts (1913 Ed.) p. 600, § 1361, as follows: "The law will imply a contract in fact when the parties attempt to contract but their minds fail to meet upon an essential element thereof and no intention touching the question appears, and one party has executed his undertaking and the other has accepted the benefits resulting therefrom. Thus, when the minds of the parties meet upon everything but the compensation to be paid for the services rendered, the law will imply a promise to pay reasonable compensation or the quantum meruit of the services rendered."

See, also, 28 R. C. L. p. 695, § 32; Buck v. Pond, 126 Wis. 382, 105 N. W. 909; Russell v. Clough, 72 N. H. 177, 51 A. 632, 633, 93 Am. St. Rep. 507; Hall v. Luckman, 133 Iowa, 518, 110 N. W. 916, 917, 918; Beers v. Kuehn, 84 Wis. 33, 54 N. W. 109; Turner v. Webster, 24 Kan. 38, 36 Am. Rep. 251; Vickery v. Ritchie, 202 Mass. 247, 88 N. E. 835, 26 L. R. A. (N. S.) 810. Appellant's contentions are sustained, and appellee's contention is overruled.

684

The facts are either agreed to by the parties or shown by explicit and uncontradicted evidence. The judgment of the trial court is reversed, and judgment is here rendered that appellant recover of appellee the renewal premiums sued for in the sum of $150, with interest at legal rate on each of said premiums from its maturity to this date.