Filed April 17, 1889.

---

No. 13,533.

FULTON ET AL. *v.* LOUGHLIN.

PROMISSORY NOTE.—*Partnership.*—*Endorsement to One Partner.*—*Right of Action.*—One partner, during the continuance of the partnership, has implied authority to endorse notes payable to the firm, in the firm name, and if, by mutual agreement between the members, a note so payable is endorsed and sold to one of the partners, the latter becomes the owner thereof and may maintain a suit thereon in his own name.

Fulton *et al. v.* Loughlin.

SAME.—*Sufficiency of Endorsement.—Defect of Parties.—Demurrer.*—Where it is averred in a complaint upon a promissory note that the plaintiff is the owner of the note by endorsement from the payee, the sufficiency of the endorsement can only be tested by a demurrer assigning as cause that there is a defect of parties.

SAME.—*Officers of Corporation.—Signing in Individual Capacity.—Non Est Factum.*—In an action on a promissory note, which is in form that of the makers and does not on its face purport to be the obligation of the corporation of which they are officers, if the defendants do not deny under oath that they executed it in the character in which they are sued, it is confessedly the paper of the makers.

SAME.—*Debt of Third Person.—Consideration.*—A promissory note, negotiable according to the law merchant, ᶠis not void for want of a consideration if it be given for the antecedent debt of a third person and be made payable at a future day.

From the Jay Circuit Court.

*D. T. Taylor, J. M. Smith, J. W. Headington, J. J. M. La-Follette, T. Bailey* and *R. H. Hartford,* for appellants.

*S. W. Haynes* and *W. E. Cox,* for appellee.

MITCHELL, J.—This is an appeal from a judgment of the Jay Circuit Court, rendered in an action by Loughlin against Fulton and others to recover the amount alleged to be due upon a promissory note executed by the defendants, and payable to the order of Loughlin & Scott at a bank in this State. It is alleged in the complaint that the note was endorsed in writing on the back thereof by Loughlin & Scott, in their firm name, and that it was sold to the plaintiff, Loughlin, who is alleged to be the owner thereof.

Objection is made to the complaint because it is said these allegations do not sufficiently show that the note was endorsed to the plaintiff below, as the endorsement of Loughlin & Scott to Loughlin was, in effect, an endorsement by Loughlin of one-half interest in the note to himself. There is no point to this objection.

It does not appear upon the face of the complaint that the plaintiff, the endorsee, is a member of the firm of Loughlin & Scott. If it did, the complaint would be good neverthe-

less. One partner, during the continuance of the partnership, has implied authority to endorse notes payable to the firm, in the firm name, and if, by mutual agreement between the members, a note so payable is endorsed and sold to one of the partners, the endorsee, in the absence of anything appearing to the contrary, becomes the legal as well as the equitable owner of the note, and may maintain a suit thereon in his own name. *Burnham* v. *Whittier*, 5 N. H. 334; 1 Lindley Partnership, p. 268.

Besides, where it is averred in a complaint that the plaintiff is the owner of a note by endorsement from the payee, the sufficiency of the endorsement can only be tested by demurrer, assigning for cause that there is a defect of parties. *Eichelberger* v. *Old Nat'l Bank*, 103 Ind. 401.

The only substantive defence pleaded was that the note sued on was executed without any consideration. The evidence tended to show that the makers of the note were the officers and trustees of the Portland Normal School, an incorporated company, and that it was given in settlement of an account for school furniture theretofore purchased by the makers, for and on behalf of the company, the furniture having been delivered to the company some four months before the execution of the note.

There was also some evidence tending to show that the payees of the note sold and delivered the furniture on the credit and responsibility of the makers, as individuals, and not to, or on the credit of, the corporation.

The note is in form that of the makers, and does not on its face purport to be the obligation or promise of the corporation ; nor did the defendants deny under oath that they executed it in the character in which they were sued. It was therefore confessedly the mercantile paper of the makers, falling due sixteen months after its date. *Williams* v. *Second Nat'l Bank*, 83 Ind. 237.

It is quite true, as is contended, that a contract to pay the debt of a third person must be supported by a sufficient con-

sideration. But a promissory note, negotiable according to the law merchant, is not void for want of a consideration, if it be given for the antecedent debt of a third person and be made payable at a future day. Such a note operates to satisfy the debt, *prima facie,* or at least to suspend the right of the creditor to enforce payment until the note matures, and an express or implied agreement to delay the collection of a precedent debt is a sufficient consideration to support the promise of a third person. *York* v. *Pearson,* 63 Maine, 587 ; *Thompson* v. *Gray,* 63 Maine, 228 ; 1 Daniel Neg. Insts., section 185.

In addition, there was evidence from which the court may have found that the furniture' was sold to or upon the credit of the makers of the note. In that event there could have been no question about the sufficiency of the consideration. This disposes of all the questions in the record, and results in an affirmance of the judgment.

Judgment affirmed, with costs.

Filed April 17, 1889.