SMITLEY ET AL. *v.* NAU ET AL.

[No. 20,751. Filed July 12, 1968. Rehearing denied September 9, 1968. Transfer denied December 10, 1968.]

*William J. Moran,* of Hammond, and *Peters, McHie, Enslen & Hand,* of counsel, of Hammond, for appellants.

*Joel C. Levy,* of Hammond, *Tinkham, Beckman, Kelly and Singleton,* of counsel, of Hammond, for appellees.

SMITH, J.— This action involves a suit on a promissory note brought by the appellants against the appellees.

The facts as found in the record, and most favorable to the appellees, reveal that the appellees executed a promissory note on February 12, 1964, to guarantee payment of a commission for the sale of real estate allegedly owed to the appellant by Mr. C. N. Nau, father of the appellee, Thomas T. Nau. The note provided for the payment of $5,500 on or before March 18, 1964, at the Mercantile National Bank, Hammond, Indiana, and was signed by the appellees.

The appellant filed a Motion for Summary Judgment on August 10, 1966, which was overruled by the trial court.

Thereafter, trial was had to the court without the intervention of a jury, which trial resulted in a judgment in favor of the defendant-appellees. The appellants filed a motion for a new trial which was overruled by the trial court. The appellant assigns as error the overruling of the above motion.

The appellant specifically claims that the trial court erred in overruling its Motion for Summary Judgment, and in general, that under the evidence and law presented, the court erred in finding for the appellees.

The appellees present three affirmative defenses to recovery by the appellants upon the note as follows:

1. The promissory note in this case was to guarantee the payment of a real estate commission. This commission was claimed by Thomas Smitley, one of the appellants herein, when he was in fact part of the group that pur-

chased the property from C. N. Nau. Such an act is in direct conflict with Burns' Indiana Statutes Anno. § 63-2415, which provides as follows:

"The Commission shall have the power to regulate the issuance of licenses and to suspend or revoke licenses either on its own motion or of a member thereof or on complaint of any other person whenever a licensee is alleged to be guilty of any of the following: (1) Failing to account and remit any moneys coming into his possession belonging to others; (2) Accepting, giving or charging any undisclosed commission, rebate or direct profit on expenditures made for a principal; (3) *Acting in a dual capacity of broker and undisclosed principal in any transaction; . . .*" (Emphasis supplied.)

2. The appellees' note was a guarantee of a commission and since no notice of the default of the principal obligor was given to the appellees and no demand was made upon the principal obligor, the claim was not due and owing as to the appellees.

3. The evidence presented in this cause clearly shows that no consideration was paid to or benefit derived by Thomas Nau, the appellee, and therefore the note is voidable for lack of consideration.

The appellants' complaint alleged that the promissory note was due and unpaid. The appellees by their amended answer admitted all the allegations of said complaint except that the note was due or unpaid. The appellants filed their Request For Admissions on July 5, 1966, and the trial court directed the appellees to answer or deny the matters requested on or before July 19, 1966. On September 3, 1966, the appellees filed their Answers to the Request for Admissions.

The appellants argue that the appellees' failure to answer the Request For Admissions on time constituted an admission that the note was genuine, due and unpaid. Burns' Ind. Stat. Anno., § 2-1028(a). It was upon this basis that the appellants filed their Motion For Summary Judgment.

The trial court overruled the appellants' Motion to Strike the Appellees' Answers to Request For Admissions and later overruled the appellants' Motion For Summary Judgment.

We do not find reversible error in the trial court's above discretionary acts in the absence of any indication of bad faith on the part of the filing party or prejudice to the appellee. *Countee v. United States* (7th Cir., 1940), 112 F. 2d 447, 451.

The discretion of the trial court is a necessary right that must be protected because the trial court resolves Motions For Summary Judgments based on the record as then presented and upon the legal arguments of counsel which are not reported. In the case at hand, the trial judge had the right to require additional evidence to properly decide and rule on the question as to whether or not the note was due and owing. The appellants presented no affidavits, took no depositions and filed no memorandum or brief on the questions before the trial court. Therefore, the ruling of the trial court was correct and within the court's discretion in ruling on such a motion. There is certainly nothing before this court evidencing an abuse of discretion which merits a reversal of the trial court's rulings and judgment.

The evidence reveals that the appellant, Thomas Smitley, was acting in a dual capacity as a broker and a purchaser, and also that his interest as a purchaser was not disclosed to the appellees. The law is well settled in Indiana that a broker cannot recover a commission if, unknown to his principals, he has an adverse individual interest in the transaction. Our court stated in *H. H. Woodsmall, Inc. v. Steel* (1923), 82 Ind. App. 58, 60, 141 N. E. 246, 247:

"*An agent who represents both parties to a transaction, where the interests of the parties are adverse, can recover compensation for neither, unless the double em-*

*ployment was at the time known and assented to by both.* (Emphasis supplied.)

"An agent must act toward his principal in good faith; and good faith requires that he use his best efforts to promote the interests of his principal. This is made impossible where, without his principal's knowledge, he acts for his principal and another in a transaction where their interests are adverse."

See also, *Lemons et al. v. Barton et al.* (1962), 134 Ind. App. 214, 186 N. E. 2d 426, 429.

The appellants admitted during the trial that the appellee Louis Glaros had no knowledge that Thomas Smitley was acting in a dual capacity and the trial court entered a finding for him at the conclusion of the appellants' case. It is our opinion, based upon the record before us, that the appellee Thomas Nau was also without actual knowledge of the broker-purchaser status of the appellant, Thomas Smitley.

The promissory note in this case was executed by the appellees "to guarantee payment of a commission to Thomas Smitley". The appellees argue that they were entitled to notice of the default of their principal, and that in the absence of such notice, their obligation under the note does not exist.

In the case of *The Furst & Bradley Manufacturing Company v. Black et al.* (1887), 111 Ind. 308, 12 N. E. 504, our Supreme Court held in substance that an engagement on the part of guarantors or sureties themselves to pay or perform absolutely, and at all events, the contract of their principal, is in its nature original, direct and absolute, and the promisors are not entitled to any notice of the default of their principal. However, where guarantors agree that their principal will perform his contract, they not engaging to perform it in case he makes default—the guaranty is indirect and collateral, and the guarantors are entitled to notice of the default of the principal; that the failure of the guarantee to give notice to the guarantor of the default or the principal debtor, where

such notice is required and the damages resulting from such failure, are matters of defense, and should be specially pleaded.

We are of the opinion that the appellees' promissory note was a direct guaranty as opposed to an indirect or collateral guaranty, and as such the appellees, as sureties or guarantors, were not entitled to any notice of the default of their principal.

The remaining issue in this case concerns the appellees claim that the promissory note is voidable for lack of consideration.

The Uniform Commercial Code, Acts 1963, Ch. 317, § 3-408, Burns' Ind. Stat. Anno. § 19-3-408 (1964 Repl.), states that:

> "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section [19-]3-305], *except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.* Nothing in this section shall be taken to displace any statute outside this Act under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount." (Emphasis supplied.)

Thus, it is clear that a note given as security for a prior obligation to pay a real estate commission requires no consideration to be enforceable between the drawer and payee. *Fulton et al. v. Louglin* (1889), 118 Ind. 286, 288, [Fulton et al. v. Laughlin] 20 N. E. 796.

However, in the case at bar, there was no obligation to pay a real estate commission at the time the appellees executed their promissory note because there was no written listing agreement. The appellant, Thomas Smitley, testified that he had a written listing agreement for the property, but

that "I terminated that listing agreement of my own accord, I believe that it was in August of 1962". The appellees' note was executed on February 12, 1964.

The law is clear that a broker may not recover compensation for services rendered by him without a written contract of employment, and that even where such a contract exists, its terms may be revoked through the lapse of time. Burns' Ind. Stat. Anno. § 33-104 (1964 Repl.) ; *Ax v. Schloot* (1946), 116 Ind. App. 366, 64 N. E. 2d 668; *Barney v. Yazoo Delta Land Co.* (1913), 179 Ind. 337, 101 N. E. 96.

Under the authorities cited, it is our opinion that the trial court properly overruled the appellants' Motion For Summary Judgment and Motion For a New Trial.

Judgment affirmed.

Cook, P.J., Bierly and Pfaff, J.J., concur.

NOTE.—Reported in 238 N. E. 2d 681.