Arthur H. GEMMER, Appellant
(Defendant Below),

v.

The ANTHONY WAYNE BANK,
Appellee (Plaintiff Below).

No. 2–1276A482.

Court of Appeals of Indiana,
Fourth District.

July 18, 1979.

Rehearing Denied Aug. 27, 1979.
See 393 N.E.2d 784.

Frank E. Spencer, Arthur H. Gemmer, Indianapolis, Strutz, Philips & Miller, Donald F. Strutz, Fort Wayne, for appellant (defendant below).

Malcolm C. Mallette, Indianapolis, for appellee (plaintiff below).

YOUNG, Judge.

This is an appeal from an action on a guaranty of a negotiable promissory note. The note was payable to the order of the Anthony Wayne Bank, and is signed "Suburban Services, Inc., by Arthur H. Gemmer, President." On the reverse side appears a guaranty stating

> [T]he undersigned, . . . hereby unconditionally guarantee(s) the payment of the within Note and all costs, expenses and attorneys' fees incurred in the collection thereof and the enforcement hereof, and waive(s) presentment, demand, protest and notice of dishonor and of any renewal or extension of said Note and consent(s) to any such renewal or extension and to the disposition of any security therefor.

The guaranty is signed "Arthur H. Gemmer." Upon trial by jury, Gemmer was found liable to the Bank as Guarantor for the amount of the note remaining unpaid, interest, and attorneys' fees.

We have been put to some pains in determining what issues the appellant would have us decide and whether he has properly preserved them for our review. The general form of Gemmer's brief has been held to substantially comply with Ind. Rules of Procedure, A.R. 8.3(A). *Indiana & Mich. Elec. Co. v. Stevenson*, (1977) Ind.App., 363 N.E.2d 1254. However, we wish that Gemmer had chosen to set out the specific errors he claimed in his statement of issues rather than merely repeating his summary of argument. We will limit our review to those specifications of error which we discovered in Gemmer's argument section, and which have been properly preserved. *Gaddis v. State*, (1977) Ind., 368 N.E.2d 244; *Pieper v. State*, (1975) 262 Ind. 580, 321 N.E.2d 196.

██ Gemmer's first argument is that the Bank was required to demand payment of the principal obligor before resorting to the surety. On this basis he claims that the court erred in refusing his tendered instructions to that effect, and in failing to grant him a directed verdict because the Bank failed to prove such demand. We note that the evidence at this trial included a letter addressed to Gemmer demanding payment. Gemmer would have us hold that this letter was addressed to him in his personal capacity, not as the relevant agent of the principal obligor, and therefore could not constitute a demand on the principal obligor. We do not agree that Gemmer could be at the same time aware and ignorant of a fact in the eyes of the law because he is acting in two capacities. We could not seriously require *two* written demands differing only in that one addresses him as president of the principal obligor. *Cf. Loudermilk v. Feld Truck Leasing Co. of Indiana*, (1976) Ind. App., 358 N.E.2d 160 (guarantor received duplicate of notice of default sent to principal obligor). There being no failure of proof regarding a demand, it cannot serve Gemmer as a basis for a directed verdict.

██ However, Gemmer argues that the trial court erred in refusing his tendered instructions which directed the jury to find for the defendant if the plaintiff Bank failed to prove a demand.[1] It appears that

---

1. In addition, these instructions include some extraneous matter regarding the alleged delay in signing the guaranty. If for nothing else, these instructions could be properly rejected as being too confusing. *See Deckard v. Adams*, (1965) 246 Ind. 123, 203 N.E.2d 303; *Arnold v. Parry*, (1977) Ind.App., 363 N.E.2d 1055.

until now Gemmer's theory was that a surety, being secondarily liable, could not be charged until the creditor had exhausted all means of collecting from the principal obligor. On this basis, the trial court properly refused Gemmer's tendered instructions. The Uniform Commercial Code clearly provides that where, as here, a surety guarantees payment of a note, the holder need not resort first to the principal obligor for payment when the note is due. IC 1976, 26–1–3–416(1); *Hartung v. Architects, Hartung, Odle, Burk, Inc.,* (1973) 157 Ind.App. 546, 301 N.E.2d 240. Thus, no demand on the principal obligor is necessary. IC 1976, 26–1–3–416(5). Further the language of the guaranty in question expressly waives demand. IC 1976, 26–1–3–511(2)(a).

Gemmer now argues that a demand on the principal obligor is necessary in this case because payment is not due until such a demand has been made. Normally, a demand note is considered due upon execution. However, it has been held that where it is apparent on the face of the note that the parties contemplated an actual demand, such demand is necessary to mature the note. *See* Annot. 71 A.L.R.2d 284 (1960). Our search of the record does not disclose any point when this theory was offered to the trial court. The trial court instructed the jury that the plaintiff Bank had the burden of proving that the note was due and unpaid, and that Gemmer unconditionally guaranteed payment. A further instruction set out the relevant portion of IC 1976, 26–1–3–416(1), mentioned above. The record does not disclose, nor does Gemmer's brief on appeal set out, any objection to these instructions on this or any basis, nor did Gemmer tender any instruction purporting to explain the meaning of the word "due." Yet Gemmer's claimed error in refusing his tendered instructions is now predicated on the deficiency of the trial court's instructions in this regard.

■ Trial Rule 51(C) of our rules of procedure provides that "[n]o party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." No like requirement is imposed where the claimed error is a refusal to give a tendered instruction. We find ourselves in the position discussed in *State Farm Mut. Auto. Ins. Co. v. Shuman,* (1977) Ind.App., 370 N.E.2d 941, 956:

> We are faced here with a situation in which a party's assertion of error regarding the refusal of a tendered instruction is predicated on a challenge to the court's instructions as erroneous. Under these circumstances, the complaining party should be required to make a specific objection to those instructions given by the court which disagree with or contradict the requested charge. A party may not sit by and allow error to be committed and then attempt to take advantage of that error. *LeClerc v. Dover* (1975), [163] Ind.App., [87,] 332 N.E.2d 101. ·
>
> In the case at bar State Farm offered no objection at the time the preliminary instructions were given or later when the final instructions were read. See *Cochrane v. Lovett* (1975), Ind.App., 337 N.E.2d 565. Having failed to make a timely objection to the giving of instructions which contradicted its requested instruction on burden of proof, State Farm cannot now complain that the request should have been given to correct deficiencies in the court's charge. *Cf., LeClerc v. Dover, supra.*

Where the argument, on appeal, of error in refusing a tendered instruction is based on an alleged inadequacy of the instructions actually given, to which inadequacy no objection was made, we are tempted to think that either the theory was an afterthought or the error was hoped to be taken advantage of. We will not allow Trial Rule 51(C) to be circumvented by permitting a party to preserve error by merely tendering a contradictory instruction instead of making a specific objection to a given instruction, and arguing later any theory that comes to mind.

Gemmer next argues that the evidence at trial established as a matter of law that the guaranty was signed after the promissory note was executed, and that therefore new consideration was necessary to bind him. He argues that the court erred in refusing his tendered instruction on that subject and that the court should have granted him a directed verdict. He further contends that the court "[e]rred in permitting initially, or in not striking subsequently, all testimony contrary to the undisputed and uncontroverted testimony of defendant's witness Arthur H. Gemmer that (i) the guarantee [sic] was not signed on the same day as the note was executed but on some subsequent date; (ii) that no new consideration was given for said guarantee [sic] . . . ." Regarding this last contention, we find, without reaching the substantive question, that this is insufficient to preserve error in the trial court's evidence rulings. *Topper v. Dunn*, (1961) 132 Ind.App. 306, 177 N.E.2d 382, 388. Regarding the first two contentions, we disagree with Gemmer's basic premise.

▉ IC 1976, 26–1–3–408 provides:

Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (Section 3–305), except that *no consideration is necessary for an* instrument or *obligation* thereon *given* in payment of or *as security for an antecedent obligation of any kind.* (Emphasis added)

The Indiana Comment explains:

Under prior law the pre-existing obligation of another person, alone, was not sufficient consideration to support the obligation of a party upon a negotiable instrument. E. g., *Hilgemeier v. Bower Mfg. Co.,* 81 Ind.App. 191, 139 N.E. 691 (1923) (indorsement subsequent to execution); *Favorite v. Stidham,* 84 Ind. 423 (1882). . . . This section of the Code eliminates these technical requirements by holding a party bound without the necessity of consideration where the instrument is given for an antecedent obligation of any kind (which included an antecedent obligation of any person).

The same result is mentioned in connection with IC 1976, 26–1–3–415(2). Indiana Comment 2 states:

This subsection provides that a party is bound to a person taking the instrument for value even though the latter knows of the accommodation. Since the prior obligation of the principal is now made both value and consideration, prior Indiana law is clarified and probably is changed. Thus if M executes a note to E, and after M is bound S signs the same instrument as co-maker or indorser, the prior indebtedness of M constitutes consideration and value for S's promise. See comments to §§ 3–303(b) and 3–408.

As these comments indicate, the guaranty obligation incurred by Gemmer as security for the promissory note is binding upon him, notwithstanding the absence of independent consideration. *Stockwell v. Bloomfield State Bank,* (1977) Ind.App., 367 N.E.2d 42, 45; *Smitley v. Nau,* (1968) 143 Ind.App. 113, 238 N.E.2d 681, 684. The Bank was not required to prove independent consideration for the guaranty, and because Gemmer's tendered instruction did not correctly state the law, the court properly refused it.

▉ Gemmer's third argument is that this action should have been in the form of an action for damages for breach of guaranty contract and not an action on the note. He refers us to the same portions of his motion to correct errors and pleadings to which he referred us with respect to the consideration issue. We find that these portions convey no hint that Gemmer objected to the form of action brought against him. An issue not set out specifically in the motion to correct errors as required under Trial Rule 59(B) cannot be considered on appeal. *McAfee v. State ex rel. Stodola,* (1972) 258 Ind. 677, 284 N.E.2d 778; *Martin v. Grutka,* (1972) 151 Ind.App. 167, 278 N.E.2d 586.

Gemmer next contends that he was entitled to judgment as a matter of law because the Bank was estopped from enforcing the guaranty. He cites as error the refusal of his tendered instructions regarding estoppel, and, again, permitting any testimony contrary to his own.

■ The elements of equitable estoppel have been described as follows:

(1) A representation or concealment of material facts; (2) The representation must have been made with knowledge of the facts; (3) The party to whom it was made must have been ignorant of the matter; (4) It must have been made with the intention that the other party should act upon it; (5) The other party must have been induced to act upon it.

*Emmco Insurance v. Pashas*, (1968) 140 Ind. App. 544, 224 N.E.2d 314, 318. *See Kline v. Kramer*, (1979) Ind.App., 386 N.E.2d 982. Our review of the court's final instructions discloses that this subject was adequately covered, therefore we find no error in the refusal of Gemmer's tendered instructions. *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482.

■ Ind. Rules of Procedure, T.R. 8(C), lists estoppel as an affirmative defense, the burden of proving which rests on the party required to plead it. Thus, Gemmer appeals from a negative judgment and must demonstrate to us that the evidence and reasonable inferences, viewed in a light favorable to the verdict, lead to but one conclusion and that the trier of fact reached a different one. *Brown v. Owen Litho Serv., Inc.*, (1979) Ind.App., 384 N.E.2d 1132, 1136.

■ The sole evidence in support of the affirmative defense is Gemmer's statements that he was induced to sign the guaranty, after the note had been executed, by a bank officer who represented to him that the guaranty was for appearances and that Gemmer would never be sued on the guaranty. The bank officer in question is deceased. There is no evidence in corroboration or in direct contradiction of Gemmer's testimony. Gemmer would contend that because his testimony was not met by any contradictory evidence, it must be accepted as true by the trier of fact. This is not so:

[T]he rule in this jurisdiction [is] that evidence uncontroverted is not necessarily binding on the triers of fact and may be disbelieved and given no weight. See, *A. S. C. Corp. v. First National Bank of Elwood* (1960) 241 Ind. 19, 167 N.E.2d 460; *Myers, Adm. v. Wyrick* (1963) 134

Ind.App. 670, 191 N.E.2d 107; *Neuwelt v. Roush* (1949) 119 Ind.App. 481, 85 N.E.2d 506; *Goldberg v. Britton* (1949) 119 Ind. App. 90, 84 N.E.2d 201. As a consequence we cannot say that the decision is contrary to law because only the appellant offered oral testimony of facts of which she had the burden of proof. The trial court was the sole judge of the credibility of the witness and he may have found that the appellant did not prove her case because he simply did not believe her testimony. This he had a right to do. The fact that the evidence was uncontroverted does not justify this Court on review substituting our judgment for that of the trial court.

*Calvert v. London*, (1965) 137 Ind.App. 595, 210 N.E.2d 376, 378. The trier of fact may not arbitrarily disregard evidence, but the evidence as a whole and the circumstances of trial may justify rejection of evidence not directly controverted:

Among the factors that may be considered in determining the credit to be given to the testimony of a witness are: The interest of the witness, if any, in the outcome of the trial; his bias and prejudice, if any is shown; his opportunity for knowing and recollecting the facts about which he testified; the probability or improbability of his testimony; and his demeanor while on the witness stand.

*Goldberg v. Britton*, (1949) 119 Ind.App. 90, 84 N.E.2d 201, 203. It has long been recognized that a jury may disbelieve uncontradicted oral evidence, on the basis of credibility. In *National City Bank v. Kirk*, (1922) 85 Ind.App. 120, 134 N.E. 772, 776, in which the bank had the burden of establishing its status as a holder in due course, the court held:

Appellant endeavored to discharge this burden by the testimony of its president, but may have failed, as indicated by the verdict in favor of appellee. If the jury so concluded, we cannot say it erred in that regard, although the testimony of appellant's president was not directly contradicted by any witness, as his credibility was a matter for the determination of the jury in the light of all the facts and surrounding circumstances. In so

holding, we are following the general rule, often repeated and applied in similar cases, to the effect that where a party has the burden of proving a fact in a trial before a jury, and undertakes to do so by the testimony of witnesses, the court, ordinarily cannot say as a matter of law that such fact has been established. (Citations omitted).

*See also Talge Mahogany Co. v. Burrows,* (1921) 191 Ind. 167, 130 N.E. 865; *Dudley Sports Co. v. Schmitt,* (1972) 151 Ind.App. 217, 279 N.E.2d 266; *Cohen v. Burns,* (1971) 149 Ind.App. 604, 274 N.E.2d 283; *Szlafrak v. Donaldson,* (1971) 149 Ind.App. 200, 271 N.E.2d 170; *Jones v. First National Bank,* (1968) 143 Ind.App. 243, 239 N.E.2d 398; and *Nationwide Mut. Ins. Co. v. Day,* (1967) 140 Ind.App. 564, 224 N.E.2d 520.

■ It is not the appellate function to prescribe what weight evidence carries or who is credible. Finding the judgment contrary to law on this issue would be to do both. We decline.

■ Gemmer next cites as error the trial court's instruction directing the jury to disregard testimony referring to a purported breach of contract by the Bank in an unrelated transaction with Suburban Services, Inc. Trial Rule 51(C) requires a specific objection to the giving of an instruction before the jury retires to deliberate. Gemmer's brief does not set out any such objection, nor has our search of the record revealed one. We cannot tell if such an objection was indeed made, or if so, when and on what grounds. We deem the issue waived. Ind. Rules of Procedure, A.R. 8.3(A)(7).

Finally, Gemmer claims that the trial court erred in denying his motion to quash service or dismiss, which motion was based on an alleged unreasonable delay in effecting service, and unauthorized use of an "alias" summons. The statement of facts in Gemmer's appellant's brief says, with respect to this issue, that the complaint was filed on February 1, 1974, the original summons was returned not served on February 14, 1974, and that nothing was done by the Bank until May 8, 1974, when an unauthorized alias summons was issued and served

the next day. The Bank's appellee's brief states that the complaint was filed February 1, 1974, and that summons was issued by certified mail the same date. When it became doubtful whether the first summons had been served, additional summons using different addresses were issued at the Bank's request on April 22, 1974, and May 8, 1974. The latter was served on Gemmer on May 9, 1974.

Our search of the record reveals that there were three summons issued. The first, issued February 1, 1974, was to be served by certified mail at Gemmer's office. A card from the Post Office is attached, indicating that the article was lost in the mail. The card is stamped June 17, 1974. The second summons was issued April 22, 1974, to be served by certified mail at the office of Suburban Services, Inc. It was returned unclaimed. The third summons was issued May 8, 1974, to be served personally at Gemmer's residence, and service was accomplished thereby. The second and third summons were the usual summons forms, with the word "alias" typed at the top of the page.

■ With regard to the alleged delay, Gemmer refers us to Ind. Rules of Procedure, T.R. 4, which provides:

(B) Preparation of summons and praecipe. Contemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall promptly prepare and furnish to the clerk as many copies of the complaint and summons as are necessary. The clerk shall examine, date, sign, and affix his seal to the summons and thereupon issue and deliver the papers to the appropriate person for service. Affidavits, requests, and any other information relating to the summons and its service as required or permitted by these rules shall be included in a praecipe attached to or entered upon the summons. Such praecipe shall be deemed to be a part of the summons for purposes of these rules. Separate or additional summons shall, as provided by these rules, be issued by the clerk at any time upon proper request of the person seeking service or his attorney.

Gemmer emphasizes the directive of promptness contained in the first part. Yet, Gemmer admits that the original summons was issued the same date that the complaint was filed. The two additional summons come under the last sentence, which allows issuance of additional summons *at any time*. The authority cited by Gemmer is inapposite for two reasons. First, they concern the issue of when an action is deemed to be commenced for the purpose of limitations statutes. Second, the rules construed vary in regard to who has the duty to cause summons to issue. Particularly, the Indiana cases cited by Gemmer no longer describe the current law respecting ordinary civil actions. The Civil Code Study Commission Comment on Rule 4(B) says that "[t]his subdivision states clearly that it is the duty of the attorney, not the clerk, to prepare the necessary forms for service. On the other hand, it is the clerk's duty to issue and deliver the summons and complaint for the appropriate service." Dean Harvey states, with respect to this rule, that "unlike prior Indiana law, it is no longer necessary for the summons to issue upon the order of the plaintiff", noting also that since "the issuance of summons no longer controls when the action is commenced . . . it is certainly important that the clerk diligently issue and cause delivery of summons and complaint for service." W. HARVEY, INDIANA PRACTICE, Rule 4, author's comments (1969). However, the language of those cases relating to the special statutory procedures there in issue cast some illumination of the course we follow here. In *State v. Superior Court of Marion County*, (1959) 239 Ind. 605, 159 N.E.2d 385, 387, the court stated

> [W]hen the provisions of our statutory law in certain proceedings . . . specify that an action is deemed commenced upon the filing of the complaint or petition, and do not also require the issuance of a summons before the action may be deemed commenced, it necessarily follows that the failure of the clerk to issue a summons, and similarly a copy of the complaint therewith within the time for filing the complaint or petition, does

not defeat the court's jurisdiction of the action or of the defendant, if the necessary service is thereafter had. (emphasis and footnote omitted).

We perceive nothing in Trial Rule 4(B) which imposes a time limit for issuing additional summons, nor do we perceive any facts that indicate an unreasonable delay in causing summons to issue in this case.

■ Gemmer relies on Trial Rule 41(E) as further support for his contention. This rule provides for dismissal of a case if, upon a hearing for that purpose, a plaintiff does not show sufficient cause why the case should not be dismissed for failure to comply with the trial rules or failure to take action in a civil case for a period of sixty days. However, even assuming arguendo that there was a failure to take action in this case within the meaning of Trial Rule 41(E), Gemmer had the burden of moving for dismissal before the plaintiff resumed prosecution. *State v. McClaine*, (1973) 261 Ind. 60, 300 N.E.2d 342, 344; *Farley v. Farley*, (1977) Ind.App., 359 N.E.2d 583. Because the Bank requested that additional summons be issued after the alleged delay and before Gemmer requested relief under Trial Rule 41(E), Gemmer's request was untimely.

■ Finally, we feel that Gemmer's argument respecting the word "alias" typed on the summons is without merit. As we indicated before, Trial Rule 4(B) provides that the clerk shall issue additional summons at any time upon request. Nothing in the rules indicates to us that the court's permission was required in this case before additional summons could be served. The presence of the word "alias" makes no difference. Trial Rule 4.15(F) provides that "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Gemmer has not argued that the summons in question was deficient in these regards, therefore we will not hold that the trial court erred in refusing to quash the summons for this reason.

For the above reasons we find no error in the trial court's denial of Gemmer's motion to quash or dismiss.

Gemmer concludes his arguments by claiming that the trial court's failure to properly instruct the jury denied him due process of law. However, as he has failed to demonstrate to us any such failure, he has no basis for this contention.

Finding no error, we affirm the trial court in all respects.

CHIPMAN, P. J., and MILLER, J., concur.