Duane **MONK** and Janet Monk,
**Appellants (Plaintiffs Below),**

v.

**PEABODY COAL COMPANY, Appellee**
**(Defendant Below).**

No. 77A04–8803–CV–91.

Court of Appeals of Indiana,
Fourth District.

Nov. 30, 1988.

Rehearing Denied Jan. 23, 1989.

Stephen L. Trueblood, Landyn K. Harmon, Trueblood Harmon Carter & Cook, Terre Haute, for appellants.

William P. Wooden, Dale W. Eikenberry, Katherine L. Shelby, Wooden McLaughlin & Sterner, Indianapolis, Powell Springer & Elmore, Sullivan, for appellee.

CONOVER, Presiding Judge.

Plaintiffs–Appellants Duane and Janet Monk (Monks) appeal a judgment entered upon a grant of Defendant–Appellee Peabody Coal Company's (Peabody) motion to dismiss under Ind.Rules of Procedure, Trial Rule 41(B).

We affirm.

The Monks raise three issues. We consolidate and restate them as

whether the court erred when it granted an Ind.Rules of Procedure, Trial Rule 41(B) motion to dismiss.

The Monks sued Peabody alleging damage to their real property as a result of blasting in Peabody's mining operation near their home. (R. 11–12). After the Monks presented evidence and rested (R. 547), Peabody moved for dismissal under T.R. 41(B). (R. 548). In sum, Peabody argued the Monks' evidence failed to show causation and damages. (R. 548–551, 557–558). The Monks argued to the contrary. (R. 552–557). The court granted Peabody's motion. It said:

THE COURT  I think in this kind of a case especially, the Court or any other trier of the facts must have expert assistance. The fact that a lay person says I know that was done by something here or anything of that kind is not the kind of evidence the Court needs in order to decide the case. I'm not satisfied with the expert that you put on, Mr. Moehl, yes, Timothy Moehl. I'm not satisfied with him as a expert in this case. He's had a lot of training as far as school is concerned. He's had no, he admitted he had no training in the blasting case of this kind. Yet, that and the other supposedly expert, Robert Welker, is likewise questionable to this Court. He's really not much more than a lay person

as far as blasting is concerned. He's the contractor. He built the house and I think he'd have a natural tendency to look over some of the facts that maybe he should have considered but merely spoke from his own experience without connecting it up with a case for blasting. The Court can, at this point, grant a motion to dismiss on the grounds that it's the same thing as a motion on the evidence as on the grounds that the plaintiff has failed to support their cause of action by a preponderance of the evidence. To continue this hearing further might or might not result in more understanding of the facts but as it stands now the Court now sustains the motion of the plaintiff and enters judgment for ... I said motion for the plaintiff, motion by the defendant and now enters judgment for the plaintiff, no defendant and this defendant shall recover his costs, its costs. That's it, Gentlemen.

(R. 558–559). The court entered the following judgment:

### JUDGMENT

After Plaintiffs had presented their case in chief and rested, Defendant Peabody Coal Company moved that the Court dismiss Plaintiffs' Complaint and enter judgment for Defendant, pursuant to Trial Rule 41(B).

In acting on Defendant's motion, the Court has weighed the evidence and considered the credibility of the witnesses, pursuant to Trial Rule 41(B). The Court finds that Plaintiffs have failed to sustain their burden of proving the essential elements of their Complaint against Defendant and finds that the evidence preponderates against Plaintiffs and in favor of Defendant. The Court finds that, upon the weight of the evidence and upon the law, there has been shown no right of relief and that Plaintiffs have failed to establish, by a preponderance of the evidence, all the essential elements of their Complaint.

Having heard and considered the testimony of the witnesses, having received and reviewed the exhibits admitted into

evidence, having heard and considered the motion and the arguments of counsel, and being duly advised in the premises, the Court finds that Defendant's motion should be sustained.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that judgment is entered against Plaintiffs and for Defendant, that Plaintiffs take nothing by their complaint and that the costs of the action are taxed against Plaintiffs.

. . . . .

(R. 173–174). The parties did not ask for special findings as permitted by T.R. 41(B). The Monks' motion to correct error was denied. (R. 197, 199). They appeal.

Additional facts as necessary are included below.

Effective January 1, 1982, T.R. 41(B) was amended to permit the trial court, when presented with a T.R. 41(B) motion, to weigh evidence, determine witness credibility, and decide whether the plaintiff had established a right to relief in the case-in-chief. See, *Supreme Court Committee Note,* West's AIC Title 34, Trial Rule 41(B) (1987 Supp.); *Comments by the Indiana Supreme Court Committee on Rules of Practice and Procedure,* 3 W.F. Harvey, Indiana Practice, Rules of Procedure Annotated, Rule 41 (1987 Supp.). Judge Ratliff, writing for our First District, noted our standard of review upon appeal from a trial court's grant of a T.R. 41(B) motion, as the rule has been amended. He said:

> ... because the rule requires the trial judge to weigh the evidence our standard on review of his involuntary dismissal should be the same as in any case where trial is to the court. 9 Wright and Miller *Federal Practice and Procedure* § 2376 at 248. Furthermore, we note that the appellants had the burden of proof ... and are, therefore, appealing from a negative judgment. On review we may neither judge the credibility of witnesses nor weigh the evidence. *Litzelswope v. Mitchell,* (1983) Ind.App., 451 N.E.2d 366. We may reverse only where the evidence is without conflict and points unerringly to a conclusion different from that reached by the trial court. *Public*

*Service Company of Indiana, Inc. v. Gibbs,* (1984) Ind.App., 460 N.E.2d 992, *trans. denied.*

*Burras v. Canal Construction and Design Co.* (1984), Ind.App., 470 N.E.2d 1362, 1368. A decision is contrary to law only where the evidence and all reasonable inferences therefrom leads to one conclusion and the trial court has reached a different one. *Sherk v. Indiana Waste Systems, Inc.* (1986), Ind.App., 495 N.E.2d 815, 817, *reh. denied, trans. denied.* Thus, the Monks can prevail here only if they are entitled to judgment as a matter of law. The Monks first assert the trial court refused to consider and weigh uncontroverted evidence. They argue their evidence is without conflict and leads inescapably to the conclusion Peabody's blasting damaged their home. The Monks contend a court is required to accept evidence as true where it is uncontradicted and unimpeached, citing *Twin City Realty Corp. v. Clay Utilities, Inc.* (1979), [146] Ind.App. [629], 257 N.E.2d 686. The Monks particularly direct our attention to the testimony of engineer Timothy Moehl (Moehl). Moehl opined some of the damage to the Monks' home was due to blasting. (R. 338, 339, 340, 348). In like manner, the Monks note their witness, Robert Welker, excluded both faulty construction techniques and freeze-thaw cycle changes from possible causes for damages he observed at their residence. (R. 220, 222). The Monks note their neighbor, Sharon Kramer, testified she had seen damage at their home (R. 274) and testified to damage at her home. (R. 283). Another neighbor, Robert Warn, testified he felt Peabody's blasts and on a particular date the blast knocked pictures from his wall. (R. 288, 290). Neighbor Greg Sturgeon testified to tremors and shocks between November, 1985, and May, 1987, and observed damages to his home. (R. 299, 302). From this testimony the Monks conclude the evidence leads inescapably to the conclusion Peabody's blasting damaged their residence. (Appellants' Brief, p. 9). The Monks opine the trial judge could not have concluded "blasting was not the cause" of the damage to their home. (Appellants' Brief, p. 12).

Again, we note the court entered no findings of fact or conclusions of law. It did not conclude Peabody's blasting was "not the cause" of injury to the Monks' property. The court simply found "Plaintiffs ... failed to sustain their burden of proving the essential elements of their complaint...." (R. 173).

The issue here is whether, upon the Monks' evidence, the court was required to conclude Peabody's blasting was the cause of their injuries.

Peabody argues uncontroverted evidence need not be accepted as true by the trier of fact. It cites *ASC Corp. v. First National Bank of Elwood* (1960), 241 Ind. 19, 167 N.E.2d 460, 463, and *Gemmer v. Anthony Wayne Bank* (1979), 181 Ind.App. 379, [386], 391 N.E.2d 1185, 1189. In *ASC, supra,* our Supreme Court said uncontradicted evidence will sometimes support conflicting inferences. It quoted with approval an Appellate Court decision saying evidence not directly refuted or denied may not be uncontradicted because the trier of fact may disregard or disbelieve it if it is considered unreasonable or inconsistent with circumstances shown by other credible evidence. *ASC,* 241 Ind. at 25-26, 167 N.E. 2d at 463. In *Gemmer,* we said the trier of fact may not arbitrarily disregard evidence, but need not believe it. *Gemmer,* 181 Ind. App. at 386, 391 N.E.2d at 1189. We have restated these principles many times. E.g. *Carr v. Hoosier Photo Supplies, Inc.* (1981), Ind.App., 422 N.E.2d 1272, 1273; *Morphew v. Morphew* (1981), Ind.App., 419 N.E.2d 770, 777; *Forth v. Forth* (1980), Ind.App., 409 N.E.2d 1107, 1111; *Van Bibber v. Norris* (1980), Ind.App., 404 N.E.2d 1365, 1387.

The court's comments quoted above show it did not *disregard* the Monks' evidence, it merely did not give the evidence the Monks presented great weight. The court particularly discounted the testimony of plaintiffs' expert, Moehl. We note Moehl was subject to rigorous cross-examination about his qualifications, his experience, and his analysis of the blasting alleged to have injured the Monks. (R. 355-435).

For example, Moehl was cross-examined about the accuracy of the information upon which he based his opinions, (R. 359); the importance of vibration calculations to determine injury and his failure to make such calculations (R. 358-359); his familiarity with federal regulations and Bureau of Mines studies related to the conduct of blasting in surface mines (R. 364-365); the extent of his investigation into the construction of the Monks' home to determine if problems there came from sources other than blasting (R. 372-374); his familiarity with current literature about blasting (R. 379-380); his understanding of the mechanics of blasting damage and terms related to it (R. 381-383); his lack of determination of soil type between the nearest seismograph and the Monks' home and his failure to calculate the severity of vibrations there. (R. 358, 383-451).

The court specifically noted plaintiffs' witness, Robert Welker, was not disinterested. He built the Monks' home and was subject to cross-examination about its construction. (R. 225-249). The court reasonably determined Welker was not a disinterested witness.

Finally, the neighbors testified there was blasting by Peabody, they felt it, and they believed that blasting damaged their's and the Monks' homes. Such testimony did not constitute direct evidence the Monks' home was damaged by Peabody's blasting.

In sum, from the Monks' evidence, the court reasonably could and did conclude they failed to show a causal connection between Peabody's blasting and injury to their property. In the words of *ASC, supra,* the court could disregard or disbelieve the Monks' evidence of causation because it was inconsistent or unreasonable in light of the testimony on cross-examination.

Because the evidence could have supported contrary inferences of causation, it was the trial court's duty to weigh it and judge the credibility of the witnesses. We frequently note we will not reweigh evidence or assess credibility of witnesses. We decline the Monks' invitation to do so now.

The Monks next assert the trial court's judgment is contrary to law because it ig-

nored precedent about the need for expert testimony in blasting cases. Citing *Enos Coal Co. v. Schuchart* (1963), 243 Ind. 692, 188 N.E.2d 406, the Monks conclude expert testimony was unnecessary to show causation.

*Enos* held lay testimony is admissible on the issue of causation. It found a trial court did not err when it permitted lay testimony about a witness's observations about explosions in a blasting case. The case simply stands for the proposition lay testimony is admissible.

The court heard the Monks' expert, Moehl, testify. It heard the lay witness neighbors testify. The court said it needed expert assistance. We read the court's comment as a whole. It was a statement the court was unconvinced the Monks' evidence proved Peabody's blasting caused the injury alleged. It was, simply put, a comment on the weight of the evidence adduced. We decline to reweigh the evidence.

Lastly, the Monks assert generally the court confused negligence with strict liability "to the extent the court viewed plaintiff's expert's function as being to prove ... the defendants negligently conducted blasting operations[.]" (Appellants' Brief, p. 20). The Monks do not show where in the record the court confused negligence with strict liability or required them to prove Peabody breached a duty of care. Peabody argues the only issues presented by its motion to dismiss concerned causation and damage. In reply, the Monks assert the court's remarks about their expert's lack of training in a "blasting case of any kind" show imposition of a negligence standard.

The court's comments concerned the credibility of the witness and the weight to be given his testimony. It was not a requirement the Monks prove negligence.

AFFIRMED.

SHIELDS, P.J., and MILLER, J., concur.